

FILED
SUPERIOR COURT
OF GUAM

2013 FEB -1 PM 2: 08

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

GOVERNMENT OF GUAM,                    )
                                       )
                    Plaintiff,         )
                                       )          CASE NO. CV0454-12
        v.                             )
                                       )
HELENE TORRES and EVELYN               )
O'KEEFE, in their capacities as CO-    )          **DECISION AND ORDER**
ADMINISTRATRIXES OF THE                )          **Re: Motion to Quash**
ESTATE OF JOSE MARTINEZ                )
TORRES, and THE ESTATE OF JOSE         )
MARTINEZ TORRES,                       )
                                       )
                    Defendants.        )
                                       )

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on January 28, 2013 on a Motion to Quash Plaintiff's deposition subpoena. Attorney Louie J. Yanza represented movant John D. Gilliam. Assistant Attorney General William C. Bischoff represented the Plaintiff, Government of Guam (hereinafter, "Government"). Also present for Defendants was Attorney Joseph Razzano. Having considered the arguments and the applicable law, this Court now issues its Decision and Order.

## FACTUAL BACKGROUND

Government issued a deposition subpoena to John D. Gilliam on October 15, 2012. On November 27, 2012, Gilliam filed his Motion to Quash the subpoena pursuant to Rule 45 of the Guam Rules of Civil Procedure. Gilliam bases his motion

## ORIGINAL

on ongoing health concerns and submits as an Exhibit a letter from Dr. Geoffrey P. Galgo advising to suspend oral deposition "indefinitely until such time that his health improves." Yanza Decl. Ex. "A."

## DISCUSSION

Rule 45 of the Guam Rules of Civil Procedure provide, "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it subjects a person to undue burden. Guam R. Civ. P. 45(c)(3)(A)(iii). This Court need not recite the conditions which have left Mr. Gilliam in his current state of health. However, the record before this Court is sufficient to find that there is a risk of grave harm which may befall Mr. Gilliam, should there be undue stress placed upon him. Therefore, this Court finds that this risk of harm constitutes an undue burden as contemplated under Rule 45.

## CONCLUSION

For the reasons discussed above, Mr. Gilliam's motion to quash is hereby **GRANTED**.

It is **SO ORDERED** this 31st day of January, 2013.

FEB 01 2013

_____
HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

FEB 1 2013

Amando D. Quitoriano
Deputy Clerk, Superior Court of Guam